# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No: 13-10353-GAO |
| ) | |
| HARRY STEPHENSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF CONDITIONAL RELEASE

Pursuant to 18 U.S.C. § 4243(f)(2), Defendant is to be conditionally released from hospitalization in the custody of the Attorney General of the United States for placement in the community under the following conditions:

1. Defendant will reside at Coolidge House Residential Reentry Center, 307 Huntington Avenue, Boston, Massachusetts, 02115. Any changes in his residence must be approved through his United States Probation Officer.

2. Defendant shall participate in mental health and substance abuse services deemed necessary and approved through the United States Probation Office. Defendant will comply with treatment recommendations made by his Probation Officer or his mental health professionals.

3. Defendant will be monitored by mental health professionals and his Probation Officer for evidence of psychiatric difficulties and will continue to take medication, which may include injectable medications, as ordered and which may be adjusted by his clinicians.

4. Upon the recommendation of the medical provider or Probation Officer, Defendant will voluntarily admit himself into a hospital for treatment. If he refuses and his

continued release would create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he should be remanded to a suitable facility pursuant to 18 U.S.C. § 4243(g).

5. Defendant will be supervised by the United States Probation Office, District of Massachusetts. This includes his voluntary consent to waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising United States Probation Officer who will assist in evaluating his ongoing appropriateness for community placement.

6. Defendant will remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed with approval of the United States Probation Office.

7. Defendant will have no contact, direct or indirect, including the use of a third party, with the victims in this case or any other individuals identified by the United States Probation Officer. Such prohibited contact shall include in person, and through the use of the internet, e-mail, telephone, or written correspondence.

8. Defendant must not have in his possession at any time any actual or imitation firearm, destructive device, or other deadly weapon. He shall submit to a search without a warrant at the request of a probation officer or any law enforcement officer, of his person, property including vehicle, or premises for the purpose of determining compliance with this condition. Revocation of conditional release is mandatory for possession of a firearm.

9. Defendant shall abstain from the use of alcohol, illegal narcotic substances, or drugs. He shall not frequent places where alcohol or illegal drugs are known to be the primary place of possession, manufacture, or distribution. If required by his place of residence, or on order of the Court after application by the Probation Office, he will participate in substance

abuse treatment and be required to participate in random drug and breathalyzer testing.

10. The United States Marshals Service shall be notified to return Defendant to the custody of the Attorney General if it is determined that Defendant has violated any conditions which are established for him.

11. Defendant shall comply with the following additional conditions of release based upon the standard conditions set forth in § 5B1.3(c) of the United States Sentencing Guidelines:

    a. The defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the Court or the probation officer.

    b. The defendant shall answer truthfully the questions asked by the probation officer.

    c. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

    d. The defendant shall allow the probation officer to visit the defendant at any time at his place of residence or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the

conditions of the defendant's supervision that he or she observes in plain view.

e. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity.

f. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

g. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (*i.e.*, anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

h. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

Defendant is aware of and agrees to abide by these conditions and any other conditions the Court may impose. He is cognizant of the possible consequences should he fail to comply with any of these conditions, including the possible revocation of his Conditional Release and subsequent return to the custody of the Attorney General.

SO ORDERED on this 1st day of February, 2018.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
United States District Judge